UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  5:07CR574 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| CHEVALIEE ROBINSON, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the Government's Motion to Dismiss Petition (Doc. No. 331) pursuant to the pro se application (Doc. No. 329) of Petitioner Robert L. Meaux ("Petitioner") to adjudicate his said interest in the real property located at 812 Danmead Ave., Akron, Ohio ("Real Property"). The matter is ripe for decision.

**Background**

Arlene Robinson ("Robinson") and co-defendants were indicted by the United States on November 15, 2007 for allegedly violating, among other things, 21 U.S.C. §§ 841 and 846, and 18 U.S.C. § 1956. As it pertains to the Real Property, the United States filed both a Notice of Lis Pendens and Bill of Particulars Regarding Forfeiture on December 5, 2007. On October 23, 2008, this Court issued a Preliminary Order of Forfeiture, subject to the provisions of 21 U.S.C. § 853(n).

On June 18, 2009, Petitioner made a timely request for adjudication of third party interest in the Real Property. Petitioner asserts that Robinson transferred her

ownership interest in the Real Property to him. Supporting Petitioner's claim is a Warranty Deed filed on January 25, 2008, after the United States submitted said Bill of Particulars and Notice of Lis Pendens.

For the reasons that follow, this Court finds the Government's Motion to Dismiss Petition well-taken.

**Law and Analysis**

A third party alleging ownership interest in property that has been ordered forfeited to the United States may petition the court for a non-jury hearing to adjudicate the claim. 21 U.S.C. § 853(n)(2). Such a proceeding is analogous to a quiet title action in that it determines which party is able to claim ownership of a given property. *See United States v. McHan*, 345 F.3d 262, 275 (4th Cir. 2003) (quoting *Cadorette v. United States*, 988 F.2d 215, 223 (1st Cir. 1993)).  A third party may prevail in this hearing in one of two ways. Pursuant to 21 U.S.C § 853(n)(6), the petitioner must establish by a preponderance of the evidence that:

(A)     the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B)     the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section[…]

If a third party meets one of these requirements, the court is to amend its order of forfeiture; if not, the United States shall have clear title to the property in question.  21

U.S.C. §853(n)(7).

Petitioner did not have a vested interest in the Real Property when it became subject to forfeiture. All right, title, and interest in such property vests in the United States "upon the commission of the act giving rise to the forfeiture." 21 U.S.C. § 853(c). The criminal activity resulting in Robinson's November 15, 2007 indictment and later conviction predated Petitioner's claim of ownership on January 25, 2008. As the United States had a vested interest in the Real Property, Robinson could not avoid forfeiture by transferring ownership interest to Petitioner. *See McHan* F.3d 262 at 268 (quoting *United States v. Reckmeyer*, 836 F.2d 200, 203 (4th Cir. 1987)). Accordingly, 21 U.S.C. § 853(n)(6)(A) does not support Petitioner's claim.

Likewise, glancing at a calendar makes clear that Petitioner was not a bona fide purchaser and, thus, cannot prevail under 21 U.S.C. § 854(n)(6)(B). It is accepted that state law is used to determine ownership interest in property subject to forfeiture under § 853(n)(6)(B). *United States v. Harris* 246 F.3d 566, 571 (6th Cir. 2001) (quoting *United States v. Smith* 966 F.2d 1045, 1054 n.10 (6th Cir. 1992)). Ohio law states that a lis pendens filing serves to impute a third party with constructive notice that a given property is subject to a pending lawsuit. *See* 66 Ohio Jur. 3d Lis Pendens § 6 (2002). Since the United States filed a Notice of Lis Pendens on December 5, 2007, Petitioner was not a bona fide purchaser of the Real Property on January 25, 2008.

**Conclusion**

In short, Petitioner cannot prevail under either of the two standards set forth by 21 U.S.C. § 853(n)(6) and, thus, Petitioner has no legal basis from which to

3

claim interest in the Real Property. Accordingly, Government's Motion to Dismiss Petition is **GRANTED**.

      **IT IS SO ORDERED**.

Dated: July 27, 2009

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**