**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>PLAINTIFF,<br><br>vs.<br><br>CHEVALIEE G. ROBINSON, et. al.,<br><br>DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 5:07-CR-0574<br><br>JUDGE SARA LIOI<br><br>**OPINION AND ORDER** |

This matter stems from a criminal forfeiture action with respect to the real property located at 1376 Sorin Avenue, Akron, Ohio ("the Sorin Avenue property"), and, specifically, this order arises from the repeated and unacceptable failures of Wells Fargo Bank Minnesota NA ("Wells Fargo") with respect to the Sorin Avenue property.

## I. FACTUAL AND PROCEDURAL HISTORY

The Court will only briefly recount the factual and procedural history of this matter, which is fully set forth on the docket. Wells Fargo had a lien on the Sorin Avenue property. As a result of a multi-defendant, multi-million dollar drug conspiracy, the Sorin Avenue property was ordered forfeited to the government. The government sent notice of the preliminary order of forfeiture to Wells Fargo as a party-in-interest. Wells Fargo replied, stating it did not have an "account or other relationship for the subject party." Not true.

After this Court signed the final order of forfeiture including the Sorin Avenue property, the government *again* sent notice to Wells Fargo, offered the bank an opportunity to foreclose on the property, and even indicated the government's willingness to seek an order from this Court for an order vacating the order of forfeiture as to the Sorin Avenue property if Wells

Fargo desired to foreclose. The government provided Wells Fargo with *a copy of the assignment of the mortgage to Wells Fargo,* obtained from the county recorder's office. The government requested Wells Fargo, if it did not desire to foreclose, to remove its lien. Wells Fargo replied, again stating that it was "unable to locate an account or other banking relationship for the named property."[1] Not true.

Understandably, the government did not accept this ludicrous response, and, upon the government's motion, this Court ordered Wells Fargo to show cause why this Court should not order Wells Fargo to remove its lien with respect to the Sorin Avenue property. The deadline for a response passed without any action from Wells Fargo, and this Court entered an order directing Wells Fargo to immediately remove its lien, but in no event later than March 2, 2010. Wells Fargo, disregarding this Court's order, did nothing. On March 9, 2010, the United States Marshals confirmed that the lien had not been removed.

On March 19, 2010, the Court scheduled a show cause hearing for April 7, 2010, to determine if Wells Fargo should be held in contempt for not complying with this Court's order. Specifically, this Court stated, in bold print, "[a]n authorized representative of Wells Fargo is required to attend the hearing to show cause as to why Wells Fargo should not be held in contempt."[2] (Doc. No. 355 at p. 2.) On April 7, 2010, Wells Fargo failed to appear at the show cause hearing. The Court, from the bench, began making telephone calls and leaving messages for Wells Fargo's operations manager and legal process specialist to contact the Court

[1] That Wells Fargo was unable to discern its interest in the Sorin Avenue property after being provided with concrete evidence of the relationship by the government is simply mind-boggling.

[2] The Court notes that service of the show cause order, and all other orders from this Court, was made upon the operations manager and legal process specialist assigned to this matter by Wells Fargo, Wells Fargo's national legal department, and Wells Fargo's Ohio corporate service company.

immediately. *Only then*, a few hours later, did Wells Fargo ever respond to this Court's orders. The Court invited the government to submit a proposed order recommending appropriate sanctions. The government did so, but took "no position with respect to any sanctions the Court may order [. . .]." (Doc. No. 356 at p. 1.)

Apparently, unbeknownst to the government or the Court, Wells Fargo removed its lien as to the Sorin Avenue property on March 31, 2010. While this action resolved the underlying issue, neither the Court nor the government is clairvoyant and Wells Fargo never informed either of its action, thereby resulting in an unnecessary hearing on April 7, 2010, which, as indicated above, Well Fargo failed to attend.

## II. LAW AND ANALYSIS

"The inherent powers of federal courts are those which 'are necessary to the exercise of all others.' The most prominent of these is the contempt sanction, 'which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court [. . .]." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980) (internal citations omitted); *Shillitani v. United States*, 384 U.S. 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."). "While the contempt power should not be used lightly, it is 'a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed.'" *Southern Elec. Health Fund v. Bedrock Servs.*, No. 3:02-0309, 2005 U.S. Dist. LEXIS 43999, at *21 (M.D. Tenn. Nov. 18, 2005) (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, (1911)).

"[A]ll orders and judgments of courts must be complied with promptly," *Maness v. Meyers*, 419 U.S. 449, 458 (1975), and failure to comply can result in contempt findings. *Southern Elec.*, 2005 U.S. Dist. LEXIS 43999, at *21 ("Contempt proceedings are used 'to enforce the message that court orders and judgments are to be complied with in a prompt manner.'") (quoting *Gompers*, 221 U.S. at 450)). As a matter of law, "a command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt." *Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003) (quoting *Wilson v. United States*, 221 U.S. 361 (1911)).

Wells Fargo's repeated and blatant ignorance of this Court's orders (not to mention its repeated incompetence in its dealings with the government) is simply unacceptable and warrants sanctions for contempt under *Gompers, supra.* Although Wells Fargo was never a party to this action, it is not free to disregard orders from this Court, particularly when its actions impact a proceeding before the Court. In order to avoid wasting even more judicial resources with respect to this eminently avoidable situation, the Court has elected to forego setting another show cause hearing and, instead, imposes the following sanctions:

1. Wells Fargo is hereby **ADMONISHED** for its course of conduct in this matter.

2. Within thirty (30) days of the date of this Order, Wells Fargo's General Counsel is required to *personally* review this Order and the events leading to its issuance, and to certify the same to this Court. The Court expects that General Counsel will address this

> matter and take the appropriate steps to avoid this type of situation in the future.

The Court trusts that General Counsel, who is presumably the head of Wells Fargo's legal services department, will adhere to this "command to the corporation [which] is in effect a command to those who are officially responsible for the conduct of its affairs." *See Gary's Elec. Serv. Co.*, 340 F.3d at 379.

**IT IS SO ORDERED**.

Dated: May 21, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**